**In the Matter of Melanie K. REICHERT**

No. 49S00–0202–DI–120.

Supreme Court of Indiana.

Sept. 20, 2004.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Count I: The respondent and the Commission agree that the respondent represented a client in a custody dispute. Prior to hearing of the dispute, the client advised the respondent that she would settle the matter by allowing the father to have custody, if certain conditions were met. The respondent later presented the client with an agreed entry drafted by opposing counsel. The client specifically rejected the entry because it contained one condition that was unacceptable to her. The client then confirmed with the respondent at least twice that the hearing on custody had been postponed due to the ongoing settlement negotiations. In fact, the hearing occurred and the respondent (but not her client) attended. During that hearing, the respondent signed, on behalf of her client, the agreed entry that the client had specifically rejected. She later failed to respond to the Commission's demand for a response to the client's grievance.

Count II: The respondent and the Commission agree that the respondent failed to respond to several of her criminal client's requests for explanation of her legal bill, obtained a continuance of a criminal hearing without notifying her client, failed to appear at the trial scheduled for her client because she mistakenly assumed a motion for continuance would be granted, and later failed to respond to the Commission's demand for response to the grievance the client later filed against her.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.2(a),

which provides that a lawyer shall abide by a client's objectives as to representation; Prof.Cond.R. 1.3, which requires lawyers, while representing clients, to act with reasonable diligence and promptness; Prof. Cond.R. Prof.Cond.R. 1.4(a), which provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; Prof. Cond.R. 1.4(b), which provides that a lawyer shall explain a matter to the client to the extent reasonably practicable to permit the client to make informed decisions regarding the representation; Prof.Cond.R. 3.4(c), which precludes a lawyer from knowingly disobeying an obligation under the rules of a tribunal; Prof.Cond.R. 8.1(b), which precludes a lawyer from failing to respond to lawful demand for information from a disciplinary authority; and Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

**Discipline:** Sixty (60) day suspension from the practice of law, effective October 23, 2004, with thirty (30) days of the suspension to be served, and reinstatement to be automatic, with the remainder of the suspension be stayed upon further condition that the respondent be placed on probation for a period of one (1) year. There are two conditions of probation in order for the second 30 days of the suspension stayed: (1) the respondent shall continue her current bimonthly sessions with the psychologist, and the psychologist will provide written reports of the progress and status of the respondent to the Commission; and (2) the respondent will only engage in the private practice of law if she does so in a setting with other lawyers who are responsible for monitoring and supervising her work and she will not practice as a solo practitioner during the period of probation. This provision does not preclude the respondent from engaging in other legal work that is not the representation of private clients (such as acting as a judicial officer).

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer in this matter, the Hon. Jack A. Tandy, and to all parties as directed by Admis.Disc.R. 23(3)(d).

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

ENTERED: Sept. 20, 2004.

SHEPARD, C.J., not participating.

/s/ Brent E. Dickson
   Acting Chief Justice